**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

MILES WILKIE, *on behalf of himself and all others similarly situated,*

                  Plaintiff,

v.

WAGNER COLLEGE,

                  Defendant.

Case No.

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

       Plaintiff Miles Wilkie ("Plaintiff"), by and through his undersigned counsel, brings this Class Action Complaint against Defendant Wagner College ("Wagner" or "Defendant"), and alleges as follows based upon information and belief, except as to the allegations specifically pertaining to her, which are based on personal knowledge.

## <u>NATURE OF THE ACTION</u>

       1.    Higher education is no different from any other industry in as much as consumers (*i.e.*, students) have the ability to shop between different educational products offered by competitive institutions before ultimately purchasing the product that is right for them.

       2.    Some colleges and universities offer an educational product without access to a campus or in-person community, while others offer an educational product with access to a varied suite of services, activities, facilities and experiences through an on-campus, in-person educational experience.

       3.    Wagner primarily offers students an in-person educational experience featuring traditional, face-to-face lectures and laboratory courses, and offers an extremely limited selection of courses in online-only formats.

4.     Plaintiff, an undergraduate student during the Spring 2020 semester, paid tuition and fees to enroll in Wagner's on-campus, in-person education program, including all the benefits and services associated therewith for the entirety of the Spring 2020 semester.

5.     Plaintiff's paid-for experience was cut short midway through the Spring 2020 semester, when that in-person educational experience was taken away from Plaintiff and other students at Wagner.

6.     In March 2020, in response to the outbreak of the SARS-CoV-2 virus, the virus that causes the COVID-19 disease (the "COVID-19 pandemic"), Wagner, like many other colleges and universities, transitioned to online-only distance learning, canceled on-campus recreational events, canceled student activity events, and ordered students to refrain from going on campus.

7.     As a result, all on-campus education, services, and amenities were no longer available to Wagner students for the remainder of the Spring 2020 semester.

8.     Despite the harsh reality that students could no longer enjoy the benefit of the bargain for which they pre-paid, Wagner refused to provide a prorated refund of tuition or fees tied to its on-campus education, services, and amenities that were not available to students for a significant part of the Spring 2020 semester.

9.     Accordingly, Wagner's students lost the benefits of the bargain for services and the experience they paid for but could no longer access or use following the school's transition to remote learning in March 2020.

10.     By not giving prorated refunds for tuition or fees charged for on-campus education and services not provided, Wagner breached its contracts with its students or was otherwise unjustly enriched.

11.     It cannot be disputed that the circumstances underlying this legal action are

2

unfortunate and unprecedented. However, the students did not choose these circumstances, and they certainly did not agree to pay tuition and fees for online-only education and services.

12.     It is unfair and unlawful for Wagner to retain tuition and fees for campus-based in-person education and services not being provided and to pass the financial losses on to its students.

13.     Importantly, Plaintiff does not challenge Defendant's discretion in adhering to federal, state, and local health guidelines, but rather challenges Wagner's decision to retain the tuition and fees, paid by Plaintiff and other students for in-person education, experiences, access to campus, and services, without providing such for the entire duration of the Spring 2020 semester.

14.     Plaintiff brings this class action for damages and restitution resulting from Wagner's retention of the tuition and fees paid by Plaintiff and the other putative Class members for in-person education and services not being provided. Specifically, this lawsuit seeks disgorgement of the prorated, unused amounts of the fees that Plaintiff and other putative Class members paid, but for which they (or the students on behalf of whom they paid) were not provided the benefit, as well as a partial prorated tuition reimbursement representing the difference in fair market value between the on-campus product for which they had paid, and the online product that they received.

## PARTIES

15.     Plaintiff, Miles Wilkie, is an adult, who at all relevant times, is a resident and citizen of the State of New York.  He paid tuition and fees to Wagner for the Spring 2020 semester. Halfway through the Spring 2020 semester, Plaintiff was forced to take his classes remotely, refrain from visiting campus, and prevented from utilizing various on-campus services for which he paid.

3

16.     Plaintiff was an undergraduate student enrolled at Wagner for the Spring 2020 semester, which was scheduled to run from approximately January 21, 2020, to May 12, 2020. Plaintiff did not have access to the campus after mid-March 2020 because the campus was closed due to the COVID-19 pandemic. Plaintiff paid tuition and fees for an in-person educational experience during the Spring 2020 semester, the benefits of which he lost because Wagner effectively closed the campus and cut off access to on-campus services, facilities, and extracurricular activities.

17.     Defendant, Wagner, is a private college founded in 1883. Wagner offers approximately 40 undergraduate majors and a limited number of graduate degree programs and enroll students from 44 states across the United States. Wagner operates its principal campus on Grymes Hill, Staten Island, New York. Defendant is a citizen of New York.

## JURISDICTION AND VENUE

18.     The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class, as defined below, is a citizen of a different state than Defendant, there are more than 100 members of the Class from other states[1], and the aggregate amount in controversy exceeds $5,000,000 exclusive of interests and costs.

19.     This Court has personal jurisdiction over Defendant because many of the acts and transactions giving rise to this action occurred in this District, and because Defendant conducts substantial business by operating its principal campus in this District and soliciting students residing in this District to attend its institution.

---

[1] *See e.g.*, https://nces.ed.gov/ipeds/reported-data/197197?year=2020&surveyNumber=15

20.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because many of the acts and transactions giving rise to this action occurred in this District, specifically, the contracts that are the subject of this action were formed in this District, and the performance and breach of contract also occurred in this District.

## FACTUAL ALLEGATIONS

21.      Prior to the COVID-19 pandemic, Wagner had a longstanding tradition of offering most of its courses in face-to-face classroom settings on campus. In accordance with this prior course of conduct, Wagner scheduled the vast majority of its Spring 2020 courses to be in-person and on-campus.

22.     Wagner's online course enrollment enables students to search for courses by delivery method when enrolling for classes, including "Online" and "Hybrid or Flex."[2] Therefore, when Plaintiff and Class Members used this system to enroll in classes for the Spring 2020 semester, they knew whether they were enrolling in face-to-face or online classes and made informed choices about whether to spend their tuition dollars on in-person or online modes of course delivery.

23.     To enroll in classes, Wagner students are required to pay tuition and some form of mandatory fees. The Spring 2020 semester was scheduled to commence on or about January 21, 2020, and end on or around May 12, 2020.

24.     Tuition for the Spring 2020 semester was approximately $23,650 for full-time undergraduate students. In addition, undergraduate students were charged a $490 Student Fee. According to Wagner, the Student Fee is used to cover a variety of services, including, student

---

[2] *Course Schedules*, Wagner College, https://my.wagner.edu/ICS/Registrar/Course_schedules.jnz (last visited Feb. 27, 2024).

activities, Information Technology services, shuttle transportation, and health services.[3] In addition, Wagner charges various course-specific fees.

25.     Wagner specifically recognizes the inherent difference in value between online educational products and in-person educational products. For example, Wagner offers an online Winter Session for undergraduate students. During the 2020-2021 academic year, Wagner offered an online Winter Session, advertising to undergraduate students that they could take one course at no cost. Specifically, full-time undergraduates were permitted to enroll for free in one online course if they took no more than a total of 10 courses during the academic year. Meanwhile, outside students and part-time students who wished to take an online class during this time were charged $3,150 for the course.[4]

26.     Similarly, Wagner offers an online Summer Session for undergraduate students. For the Summer Session 2023, Wagner charged $3,450 per undergraduate course. However, if a student wished to overload during the Fall 2023-Spring 2024 academic year (that is there is no Winter Session and the student registered for more than 9 classes), they would be charged at the per tuition ate of $6,275, nearly double the cost of an online classes for the Summer Session.[5]

27.     On-campus, in-person learning is also a central component of Wagner's educational product. For example, Wagner states that Defendant "is committed to the development of the whole student, both in and out of the classroom environment.  Living in residence offers unmatched opportunities for growth and development as students learn to live in a community of

---

[3]  *Understanding Your Tuition Bill*, Wagner College, https://wagner.edu/business-office/understanding_your_bill/ (last visited Feb. 27, 2024).
[4]  *Winter Session Information*, Wagner College (Oct. 14, 2020), https://wagner.edu/covid19/files/2020/10/Winter-Session-Student-Information-Published-10.14.20.pdf.
[5]  *Tuition Rates & Fees*, Wagner College, https://wagner.edu/business-office/tuition_rates/ (last visited Feb. 27, 2024).

their peers, interact with students from different backgrounds, and navigate personal and academic challenges."[6]

28.    In line with this commitment, Wagner has implemented a residency requirement for all residential students, requiring them to live on campus for three years. According to Wagner, the residency requirement "furthers the College's interest in providing a traditional residential college experience for students, positively impacts the feeling of community on campus, and connects students with their peers and with co-curricular involvement opportunities."[7]

29.    For those students who commute to their classes, Wagner is still dedicated to providing them with their own on-campus location, furnishing them with both a commuter lounge in the Student Union, and lockers to store their belonging between classes.[8]

30.    Moreover, Wagner uses its marketing materials, course catalog, and other bulletins to solicit students for its in-person, on-campus educational programs. In these materials, Wagner repeatedly stresses that in-person, face-to-face interaction is an essential component of students' educational experience:

   a.    Wagner highlights that its "small campus allows students, faculty and staff to work closely together and develop lasting relationships;"[9]

   b.    Wagner further highlights its "low" student to faculty ration and small classes, permitting students to "dig into their major and develop the skills they need for satisfying careers;"[10] and

---

[6] *Id.*
[7] *Id.*
[8] *Commuter Students*, Wagner College, https://wagner.edu/sea/get-involved/commuter-students/ (last visited Feb. 27, 2024).
[9] *About*, Wagner College, https://web.archive.org/web/20200427144142/https://wagner.edu/about/ (captured Apr. 27, 2020).
[10] *Id.*

c. Wagner touts that its "Wagner Plan for the Liberal Arts" is critical to its curriculum; employing learning communities with components that place students at "carefully selected field sites" and further provides students with an "experiential learning component includes service learning, field trips, participatory learning and/or community research" with students "typically spend[ing] three hours per week at the designated site observing the organization, its practices and its dynamics."[11]

31. Wagner also promotes its on-campus facilities and resources as a significant benefit of enrollment in its on-campus, in-person educational programs, including various academic centers including:

a. The Academic & Cultural Enrichment Center, which offers a diverse array of lectures, symposia, workshops, performances and concerts in intellectual and creative areas;[12]

b. The Grasso Board Room, which "allows our students to learn in in a profession environment which is both intimate and purely functional;"[13]

c. The Dr. Eva Megerle Education Resource Center, which houses "educational newspapers, journals, handbooks, and other periodicals on a variety of relevant educational topics" and offers "SMART board and

---

[11] *First-Year Program*, Wagner College. https://wagner.edu/academics/undergraduate/fyp/ (last visited Feb. 27, 2024).
[12] Academic Center, Wagner College, https://wagner.edu/academics/centers/ (last visited Feb. 27, 2024).
[13] *2016-2017 Undergraduate & Graduate Bulletin*, Wagner College (Aug. 29, 2016), https://images.shiksha.com/mediadata/pdf/1493371888phpxXlldL.pdf, at 32.

podium-direct technology resources to facilitate virtual and technology-enhancing learning;"[14]

    d.    The Dr. Evelyn Lindfors Spiro Nursing Resource Center, which is equipped with a computer laboratory and a simulator laboratory to "integrate[] classroom teaching and clinical practice;"[15]

    e.    The Horrmann Library, which offers students places to study and work, including seventy computer workstations and numerous study rooms;[16]

    f.    25 smart classrooms "that allow faculty and students to display their work or presentations using built-in multimedia equipment;"[17] and

    g.    The Spiro Sports Center, which "serve[s] the recreational and intercollegiate athletic needs of the Wagner College community."[18]

32.    Finally, Wagner promotes the location of its campus to nearby New York City, New York as a compelling reason for students to decide to attend:

    a.    Wagner highlights its location as the "best of both worlds," stating "Come to Wagner and you'll step onto a beautiful residential campus, Step off campus, and you'll be in the bustling metropolis of New York city, full of networking opportunities;"[19]

---

[14] *Id.* at 31.

[15] *Id.* at 31-32.

[16] *Id.* at 32.

[17] *Id.* at 33.

[18] *Spiro Sports Center*, Wagner Athletics, https://wagnerathletics.com/facilities/spiro-sports-center/1 (last visited Feb. 27, 2024).

[19] *Admissions & Aid*, Wagner College, https://web.archive.org/web/20200421172719/https://wagner.edu/admissions/ (last visited Feb. 27, 2024).

b.      Wagner touts that "New York City has an amazing wealth of cultures and work opportunities" and that "Manhattan is a short ride away on the free Staten Island Ferry;"[20] and

c.      Wagner states that it enables students to "[s]oak up the urban excitement of NYC while living and learning on a beautiful campus in the borough of Staten Island."[21]

33.      When enrolling in classes for the Spring 2020 semester, Plaintiff and members of the Class chose to enroll in classes offered in-person, to obtain the benefits outlined above.

34.      Plaintiff and members of the Class were also required to pay the Student Fee to enroll in classes.

35.      Plaintiff and the members of the Class paid the Student Fee for the Spring 2020 semester so they could benefit from on-campus services and facilities, including student activities and wellness services, offered by Wagner.

36.      Plaintiff and members of the Class paid their tuition and Student Fee in the Spring 2020 semester to enjoy everything Wagner offered them, including on-campus services and facilities and an in-person education throughout the entire Spring 2020 semester.

37.      Despite Plaintiff and Class members paying Spring 2020 semester tuition and the Student Fee to attend Wagner for an in-person and on-campus educational experience, Wagner failed to provide the promised in-person education and facility access for the duration of the entire Spring 2020 semester, instead providing only online instruction for more than half of the Spring 2020 semester.

---

[20] *About*, *supra* note 8.
[21] *Id.*

**A.**     **In Response to COVID-19, Wagner Closed Campus, Preventing Access to its Facilities, Services, Housing, and Dining, and Cancelled All In-Person Classes.**

38.     On Tuesday March 10, 2020, in response to COVID-19, Wagner announced that it would be cancelling all in-person classes from March 12, 2020, through the remainder of the week and further instructed students to prepare for a transition to online classes. At this time, Wagner informed students to prepare for at least one week of online classes (March 23-27, 2020) following their return from spring break. By this same announcement, Wagener cancelled all college events through March 30, 2020.[22]

39.     While Wagner intended to resume in-person classes, on March 16, 2020, Wagner announced that it would cancelling all in-person classes for the remainder of the semester, informing students that their courses would be delivered online for the remainder for the Spring 2020 semester.[23]

40.     On or around this same time, Wagner announced that it would be moving forward with an immediate closure of its residence halls and recommended that students return home or make other housing arrangements. Wagner only permitted students to remain on campus in limited circumstances.[24]

41.     On March 20, 2020, Wagner then announced that it was effectively closing campus, stating that all campus buildings and campus housing would have restricted access as of 5 p.m. on

---

[22] Annalise Kundson, *Coronavirus: Wagner College cancels classes, prepares for online learning*, silive (Mar. 10, 2020), https://www.silive.com/coronavirus/2020/03/coronavirus-wagner-college-cancels-classes-prepares-for-online-learning.html.
[23] Annalise Kundson, *Coronavirus: Wagner College moves to online learning for rest of semester*, silive (Mar. 16, 2020), https://www.silive.com/coronavirus/2020/03/coronavirus-wagner-college-moves-to-online-learning-for-rest-of-semester.html.
[24]     *Campus Access Update*, Wagner College (Mar. 20, 2020), https://web.archive.org/web/20200404052836/https://wagner.edu/covid19/; *Wagner College closing residence halls for remainder of semester*, Wagner College (Mar. 17, 2020), https://wagner.edu/newsroom/wagner-college-closing-residence-halls-remainder-semester/.

March 22, 2020, and that access would remain restricted until further notice. Wagner further informed students that locks would be changed, and card accessed removed, as only those with permission would be permitted on to campus.[25]

42.    Wagner did not hold any in-person classes for undergraduate students between March 12, 2020, and the end of Spring 2020 term. All Spring 2020 classes after March 12, 2020, were only offered in a remote, online format with no in-person, face-to-face engagement between students and faculty.

43.    Most campus facilities and services for which the Student Fee was accessed were also terminated, cancelled, or severely curtailed at or about this time, such as access to the library, recreation center, health and wellness facilities and intramural facilities, as well as student organizations, programs, athletic events, and arts performances.

44.    Despite the fact that Wagner's closure of campus and shift to online-only distance effected dramatic changes to students' bargained-for educational experience, Wagner refused to adjust its tuition costs or offer any form of tuition refund. Instead, Wagner provided prorated refunds for only room and board.[26]

**B.    Students Experienced Significant Losses, in Many Cases of Borrowed funds, as a Result of Wagner's Conduct.**

45.    At Wagner, the median federal loan debt among borrowers who completed their undergraduate degree is $25,000.[27] The median monthly federal loan payment (if it were repaid

---

[25]    *New campus access restrictions*, Wagner College (Mar. 20, 2020), https://wagner.edu/newsroom/new-campus-access-restrictions-o-march-20/.

[26]                       *COVID-19*,                    Wagner                    College, https://web.archive.org/web/20200427131917/https://wagner.edu/covid19/ (captured Apr. 27, 2020).

[27]    *Wagner College Tuition & Financial Aid*, U.S. News, https://www.usnews.com/best-colleges/wagner-college-2899/paying (last visited Feb. 27, 2024).

over 10 years at 5.05% interest) for federal student loan borrowers who graduated from Wagner is $265.[28]

46.     With the campus shut down for more than half of the semester, Plaintiff and the proposed Class have been deprived of the benefits of the on-campus educational experience as set forth above. Nevertheless, Wagner has refused to refund any portion of tuition or the Student Fee despite not providing the on-campus educational experience and services for which students paid.

47.     Students attending Wagner's Spring 2020 semester did not choose to attend an online institution of higher learning, but instead chose to enroll in Defendant's in-person, on campus educational program.

48.     During the online portion of the Spring 2020 semester, Wagner principally used programs by which previously recorded lectures were posted on an online learning management system for students to view on their own, or by virtual Zoom meetings. Therefore, there was a lack of classroom interaction between students and professors and among students that is instrumental in interpersonal skill development.

49.     Students were deprived of the opportunity for hands-on, collaborative learning and in-person dialogue, feedback, and critique.

50.     Access to facilities such as libraries, laboratories, computer labs, and study rooms, integral to a university education, and access to the myriad activities offered by campus life that foster social development, leadership, wellness, independence, and networking for future careers, are all substantial and material parts of the basis upon which Wagner can charge the tuition and Student Fee it charges. Contrary to Wagner's promises, these services and facilities were not provided.

---

[28] *Id.*

51.     Wagner provided students with prorated refunds for Spring 2020 room and board fees, *i.e.,* funds that students paid in exchange for services that Wagner decided not to provide. However, Wagner has not made a similar offer to refund any portion of the tuition or Student Fee that Plaintiff and Class members paid Wagner for in-person educational services which they did not receive during the majority of Spring 2020 semester.

52.     Plaintiff and the Class are therefore entitled to a prorated refund of the tuition and Student Fee they paid Wagner for the Spring 2020 semester for the remaining days of that semester after classes moved from in-person to online and facilities were closed.

## CLASS ACTION ALLEGATIONS

53.     Plaintiff brings this case individually and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the class defined as:

> All enrolled students at Wagner who satisfied their payment obligations for the Spring Semester 2020 tuition and/or Student Fee, and who were enrolled in at least one in-person on-campus class (the "Class").

54.     Specifically excluded from the Class are all students who received full Wagner-funded scholarships for the Spring 2020 semester, Defendant, Defendant's officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by Defendant, and its heirs, successors, assigns, or other persons or entities related to or affiliated with Defendant and/or Defendant's officers.

55.     Subject to additional information obtained through further investigation and discovery, Plaintiff reserves the right to amend, narrow, or expand the class definition.

56.     **Numerosity:** The Class is so numerous that joinder of all members is impracticable. Although the precise number of Class members is unknown to Plaintiff, Wagner reported

approximately 1,750 undergraduate students enrolled for the 2019-2020 school year. The names and addresses of all such students are known to Wagner and can be identified through Wagner's records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice.

57.    **Commonality:** There are questions of law and fact common to the members of the Class including, without limitation:

    a.    Whether Wagner accepted money from Plaintiff and the Class members in exchange for the promise to provide an in-person and on-campus educational experience, as well as certain facilities and services throughout the Spring 2020 semester;

    b.    Whether Wagner breached its contracts with Plaintiff and the members of the Class by failing to provide them with an in-person on-campus educational experience and access to campus facilities and services after mid-March 2020;

    c.    Whether Wagner was unjustly enriched by retaining a portion of the tuition and Student Fee during the period of time Wagner was closed during the Spring 2020 semester, and Plaintiff and the members of the Class were denied an in-person and on-campus educational experience and access to the services and facilities for which tuition and Student Fee were paid;

    d.    Whether Wagner intentionally interfered with the rights of the Plaintiff and the Class when it moved all in-person classes to a remote online format, cancelled all on-campus events, strongly encouraged students to stay away

from campus, and discontinued campus services while retaining the tuition and Student paid by Plaintiff and the Class; and

e.   The amount of damages and other relief to be awarded to Plaintiff and the Class members.

58.   **Typicality:** Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and the other Class members each contracted with Defendant for it to provide an in-person and on-campus educational experience, with access to campus services and facilities, in exchange for the tuition and Student Fee they paid, that Wagner stopped providing for the remainder for the Spring 2020 semester.

59.   **Adequacy of Representation:** Plaintiff is an adequate class representative because his interests do not conflict with the interests of the other Class members whom he seeks to represent. Plaintiff has retained competent counsel who are experienced in complex class action litigation, and Plaintiff intends to prosecute this action vigorously. Class members' interests will be fairly and adequately protected by Plaintiff and his counsel.

60.   **Predominance.** Common questions of law and fact predominate over any questions affecting only individual Class members. Similar or identical violations, business practices, and injuries are involved. Individual questions, if any, pale by comparison, in both quality and quantity, to the numerous common questions that dominate this action. For example, Defendant's liability and the fact of damages is common to Plaintiff and each member of the Class. If Defendant breached its contracts to Plaintiff and Class members, then Plaintiff and each Class member suffered damages by that conduct.

61.   **Superiority:** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered

in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members is relatively small compared to the burden and expense that would be required to individually litigate their claims against Wagner, making it impracticable for Class members to individually seek redress for Wagner's wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individual litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of a single adjudication, economies of scale, and comprehensive supervision by a single court.

62.     **Ascertainability:** Members of the Class are ascertainable. Class membership is defined using objective criteria, and Class members may be readily identified through Defendant's books and records.

**FIRST CLAIM FOR RELIEF**
**BREACH OF IMPLIED CONTRACT**
**(On Behalf of Plaintiff and the Class)**

63.     Plaintiff repeats and re-alleges the factual allegations above, as if fully alleged herein.

64.     Plaintiff brings this claim individually and on behalf of the members of the Class.

65.     When Plaintiff and Class Members paid Wagner tuition and Student Fee for the Spring 2020 semester, Wagner agreed to, among other things, provide an in-person and on-campus educational experience as well as access to campus services and facilities to which the Student Fee they paid pertained throughout the entire Spring 2020 semester. As a result, Plaintiff and each member of the Class entered into binding implied contracts with Wagner.

66.     When entering into implied contracts, Plaintiff and Class members reasonably believed and expected that Wagner would provide them with an on-campus and in-person educational experience, as opposed to remote learning, and use of Defendant's facilities and services for the duration of the entire Spring 2020 semester as mutually agreed and intended in accordance with Defendant's publications, including but not limited to, its marketing materials, course catalogues, and other bulletins, as well as Wagner's history and prior course of providing in-person and on-campus education.

67.     Plaintiff and Class members fully performed their obligations under their implied contracts with Wagner by registering for classes and paying tuition.

68.     Defendant is in possession of all contracts, materials, circulars, advertisements and the like between Plaintiff and members of the Class on one hand, and Wagner on the other.

69.     Wagner breached its contracts with Plaintiff and the Class by failing to provide the promised in-person and on-campus educational experience as well as access to campus services and facilities throughout the Spring 2020 semester, yet has retained monies paid by Plaintiff and the Class for an on-campus and in-person educational experience and access to these services and facilities during the entire Spring 2020 semester. Plaintiff and the members of the Class have therefore been denied the benefit of their bargain.

70.     Plaintiff and the members of the Class have suffered damages as a direct and proximate result of Wagner's breach in the amount of the pro-rated portion of the tuition and Student Fee they each paid equal to the reduction in contracted for education and services during the portion of time the Spring 2020 semester when Wagner discontinued in-person classes and closed campus facilities.

71.    Wagner should return such portions of the tuition and Student Fee to Plaintiff and each Class member.

**SECOND CLAIM FOR RELIEF**
**UNJUST ENRICHMENT**
**(On Behalf of Plaintiff and the Class)**

72.    Plaintiff repeats and re-alleges the factual allegations above, as if fully alleged herein.

73.    Plaintiff brings this claim individually and on behalf of the members of the Class in the alternative to the First Claim for Relief, to the extent it is determined that Plaintiff and the Class do not have an enforceable contract with Wagner regarding the relief requested.

74.    Plaintiff and members of the Class conferred a benefit on Wagner in the form of tuition and Student Fee paid for the Spring 2020 semester. The payment of this tuition and Student Fee was to be in exchange for an in-person, on-campus educational experience to be provided to Plaintiff and the members of the Class throughout the Spring 2020 semester.

75.    Wagner knowingly accepted the benefits conferred upon it by Plaintiff and Class members.

76.    Wagner has retained the full benefit of the tuition payments made by Plaintiff and the members of the Class for the Spring 2020 semester—without providing the benefits that Plaintiff and Class members were owed.

77.    For example, Wagner failed to provide Plaintiff and Class members access to many on-campus facilities and services after March 15, 2020, yet Wagner assessed Plaintiff and Class members with tuition that covered the cost of upkeep and maintenance of such facilities and services.

78.     Indeed, as a result of closing campus and moving classes online, Wagner saved significant sums of money in the way of reduced utility costs, reduced staffing requirements, reduced or eliminated hours for hourly employees, reduced or eliminated hours for paid work student students, and otherwise.

79.     Upon information and belief, the costs incurred for having an online only program is significantly lower than the overhead needed to provide classes and services on campus.

80.     As a result of Wagner's retention of all the tuition and Student Fee paid by Plaintiff and members of the Class during the period of time Wagner was closed, Plaintiff and members of the Class were denied an in-person and on-campus educational experience and access to services and facilities. This was unjust and inequitable under the circumstances.

81.     Allowing Wagner to retain the full benefit of tuition and Student Fee paid for in-person on campus education and experiences, after reducing the benefit provided and the costs incurred by Wagner, unjustly enriched Defendant.

82.     Accordingly, Wagner has been unjustly enriched and should return the prorated portion of the tuition and Student Fee that Plaintiff and Class members each paid equal to the reduction in benefit for education and services during the remainder of the Spring 2020 semester when Widener discontinued in-person classes and closed campus facilities.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for relief as follows:

(a)     For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

(b)     For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

(c)     For compensatory damages in an amount to be determined by the trier of fact;

(d)     For an order of restitution and all other forms of equitable monetary relief;

(e)     Awarding Plaintiff reasonable attorneys' fees, costs, and expenses;

(f)     Awarding pre- and post-judgment interest on any amounts awarded; and,

(g)     Awarding such other and further relief as may be just and proper.

## DEMAND FOR TRIAL BY JURY

A jury trial is demanded on all claims so triable.


Dated: August 21, 2024                           Respectfully submitted,

                                                 /s/ _____
                                                 Michael A. Tompkins, Esq.
                                                 Anthony Alesandro, Esq.
                                                 **LEEDS BROWN LAW, P.C.**
                                                 1 Old Country Road, Suite 347
                                                 Carle Place, New York 11514
                                                 (516) 873-9550
                                                 mtompkins@leedsbrownlaw.com
                                                 aalesandro@leedsbrownlaw.com

                                                 Gary F. Lynch
                                                 Nicholas A. Colella*
                                                 **LYNCH CARPENTER, LLP**
                                                 1133 Penn Avenue, 5th Floor
                                                 Pittsburgh, PA 15222
                                                 (412) 322-9243
                                                 gary@lcllp.com
                                                 nickc@lcllp.com

                                                 *pro hac vice forthcoming

                                                 Counsel for Plaintiff and the Proposed
                                                 Class